■ In the Matter of the Claim of CHARLES RICHARDSON, Respondent, v. NATIONAL CONTAINER CORPORATION et al., Appellants, and EMPLOYERS MUTUAL OF WAUSAU, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— TAYLOR, J. An employer and carrier appeal from a decision of the Workmen's Compensation Board dated January 23, 1964 and an award for permanent total disability occasioned by occupationally caused bronchial asthma and from that portion of a decision of the board dated March 18, 1964 which confirmed its prior decision, contending that the date of disablement found by the board — material only to the issue of carrier liability — is without substantial evidentiary support in the record and that the Referee so circumscribed the carrier's cross-examination of certain witnesses as to constitute prejudicial error. Claimant entered the employ of appellant, National Container Corporation, in 1946. Coughing spells, chest pains and breathing difficulties caused him to leave his work in August, 1957. In October of the same year he was admitted to a veterans' hospital where he remained until February, 1958. His condition was there diagnosed as a fibro productive exudative infiltration of the right upper lung with symptoms of shortness of breath and elevated temperature which his then attending physician found not to have been causally related to the employment. On October 4, 1957 appellant carrier supplanted respondent, Employers Mutual of Wausau, on the risk. Claimant returned to work in March, 1958, again withdrew from the employ on the following June 21 because of breathing

problems and never resumed it. On May 6, 1959 he came under the care of Doctor Hirschfeld who diagnosed his condition as bronchial asthma, an occupational disease, which he found to have been due to his employment. Following hearings at which an impartial allergist selected by the board confirmed Doctor Hirschfeld's diagnosis, the board found by decision dated May 31, 1962 that claimant had sustained an occupational disease in the nature of bronchial asthma which was causally related to his employment and restored the claim to the calendar of the Referee for further consideration of the issue, among others, of the date of disablement. From this result no appeal was taken. Pursuant to the remand the claim came on for hearing before a Referee on April 30, 1963 at which the parties conceded that the sole issue to be considered was the date of disablement. Thereat the carrier produced Doctor Hirschfeld as a witness. It is a fair inference from the record that his testimony was to be regarded as that of a neutral medical expert. Following the colloquy indicative of this status, the carrier's representative propounded to the witness a comprehensive hypothetical question which embodied "the state of facts in this case". Based on the assumptions which the question contained the witness' professional opinion was sought as to the time "when * * * this man [first] became disabled from work for bronchial asthma". Doctor Hirschfeld's answer fixed the date of disablement as June 21, 1958. Following an examination of the record the Referee found such to be the fact. Upon review the board affirmed and this appeal followed. Appellants contend that the board should have found August 27, 1957, the date on which claimant initially stopped work, as the date of disablement. Their position is untenable since no definite diagnosis of the occupational disease which ultimately disabled claimant was made until he consulted Doctor Hirschfeld on May 6, 1959. (*Matter of Montalvo* v. *Pioneer Pizza Pie Corp.*, 20 A D 2d 603.) This physician's testimony should be entirely disregarded, it is urged, because of his statement on direct examination by the carrier that he had no record of claimant's not having worked because of pulmonary complaints prior to June 21, 1958. Obviously this must be accounted a recollective inadvertence since the physician in prior reports both to the board and the carrier had detailed the facts of claimant's leaving the employment in August, 1957 and the reasons therefor, the subsequent hospitalization of about three months and his return to work in March, 1958 for a similar period. At most, the failure of the witness to recall his knowledge of these events bore only upon the question of the weight to be accorded his opinion evidence which, of course, was exclusively within the province of the board to evaluate. (*Matter of Zaepfel* v. *du Pont de Nemours & Co.*, 284 App. Div. 693, affd. 309 N. Y. 962.) Moreover, the known facts which had momentarily escaped his recollection were encompassed in the assumptions of the hypothetical question and must be presumed to have been considered in the formulation of his expert opinion as to the date of disablement. It is recognized that the determination of the date of disablement is factual and that the board has some latitude in the choice of dates as long as its determination is founded on substantial evidence. (*Matter of Weixler* v. *Schlegelmilch Bros.*, 272 App. Div. 850; *Matter of Cole* v. *Saranac Lake Gen. Hosp.*, 282 App. Div. 626; Workmen's Compensation Law, § 42.) We find in this record substantial evidence supportive of the board's selection. In the context of the record as a whole we perceive no error in the cited rulings of the Referee or at least none of sufficient substance to require reversal. Decision affirmed, with costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.